

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00139-CR

ADRIAN CASAREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2013-722-C2, Honorable Matt Johnson, Presiding

December 4, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following a plea of guilty, appellant Adrian Casarez was convicted of possession with intent to deliver methamphetamine in an amount of more than four but less than 200 grams,[1] possession with intent to deliver cocaine in an amount of more than one but less than four grams,[2] and evading arrest or detention in a vehicle.[3]  As part of a

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2013) (first degree felony).

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2013) (second degree felony).

[3] TEX. PENAL CODE ANN. § 38.04 (West 2013) (third degree felony).

plea bargain with the State, punishment was assessed at 30 years of imprisonment for each offense, to run concurrently. In presenting this appeal, counsel has filed an *Anders* brief in support of a motion to withdraw. *See Anders v. California,* 386 U.S. 738 (1967); *Kelly v. State,* 436 S.W.3d 313 (Tex. Crim. App. 2014), *In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008). We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

In May 2013, appellant was indicted in a three-count indictment for possession with intent to deliver methamphetamine, more than four grams but less than 200 grams, within 1,000 feet of a public youth center (habitual); possession with intent to deliver cocaine, more than one gram but less than four grams, within 1,000 feet of a public youth center (habitual); and evading arrest or detention in a vehicle (habitual). In September, appellant plead guilty to each. In February 2014, appellant filed with the trial court a motion entitled "Plea of Former Jeopardy." The court heard the motion, during which appellant argued he could not be punished for the offenses set forth in the indictment because he had been previously convicted and sentenced in federal court for the same conduct. The trial court denied the motion.

In March 2014, appellant requested, and was permitted, to withdraw his previously entered guilty pleas, and pursuant to a new plea agreement, re-entered guilty and true pleas to all three counts in return for a recommendation from the State for 30-year concurrent sentences as to each count, and waiver by the State of the drug-free zone allegations. After administering to appellant the requisite admonishments, the trial court accepted the plea agreement and imposed the sentences as recommended by the

2

State. The record contains documents signed by appellant entitled "Judicial Confession," "Waiver of Jury Trial," and "Stipulation of Evidence." This appeal followed.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis for reversal of appellant's conviction. *Anders*, 386 U.S. at 744-45; *In re Schulman,* 252 S.W.3d at 406. Counsel discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with all *Anders* requirements by (1) providing a copy of the brief and motion to appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, (3) providing a copy of the clerk's and reporter's records, and (4) informing him of his right to file a *pro se* petition for discretionary review. *See Kelly,* 436 S.W.3d at 319; *In re Schulman*, 252 S.W.3d at 408. By letter, this Court granted appellant an opportunity to exercise his right to file a response to counsel's brief. Appellant filed a response raising three issues.

We have reviewed the potential issue discussed in counsel's *Anders* brief, have reviewed the issues appellant raised in his response, and have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Conclusion

The motion of counsel to withdraw is granted and the judgment of the trial court is affirmed.[4]   TEX. R. APP. P.  43.2(b).


James T. Campbell
Justice


Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.